**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Wendy's International, Inc. and Oldemark LLC, <br><br> Plaintiffs, <br><br> v. <br><br> United Dairy Farmers, Inc., <br><br> Defendant. | Case No. 2:13-cv-596 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, Wendy's International, Inc. ("Wendy's") and Oldemark LLC ("Oldemark" and collectively, "Plaintiffs"), file this Complaint against defendant, United Dairy Farmers, Inc. ("UDF" or "Defendant"), and demanding a trial by jury, allege as follows:

**NATURE OF THE ACTION**

1.      This is an action to cease Defendant's unlawful use and exploitation of Plaintiffs' famous FROSTY trademark and unique yellow and red trade dress in connection with the marketing and sale of dairy desserts.

2.      Plaintiffs seek injunctive and monetary relief for injuries that have been, and will continue to be, caused by Defendant's unauthorized use of Plaintiffs' famous FROSTY trademark and packaging trade dress.

**THE PARTIES**

3.      Plaintiff Wendy's is an Ohio corporation, having its principal place of business at One Dave Thomas Blvd., Dublin, Ohio 43017.

4.      Plaintiff Oldemark is a Delaware limited liability company, having its principal place of business at One Dave Thomas Blvd., Dublin, Ohio 43017.

5.      Upon information and belief, Defendant UDF is an Ohio corporation, with a principal place of business located at 3955 Montgomery Road, Cincinnati, Ohio 45212.

## JURISDICTION AND VENUE

6.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a).

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).  These claims are so related to the other claims in this case over which this Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c).  The parties are located in this district and do business in this district, and a substantial part of the events giving rise to the claims in this case occurred in this district.

## BACKGROUND FACTS

9.      Wendy's traces its roots to Columbus, Ohio.  Dave Thomas, the founder of Wendy's, opened the first Wendy's restaurant there on November 15, 1969.  He created something new and different—high quality food made with fresh ingredients, served the way the customer wanted.  Quality was so important to Dave that he put the phrase "Quality is our Recipe®" on the logo of his restaurant.

10.     A second Wendy's restaurant, which featured a pick-up window, opened in Columbus, Ohio in 1970.  The sale of the first Wendy's franchise followed two years later.  By 1978, there were 1,000 Wendy's locations throughout the United States.  Since its founding in 1969, Wendy's has grown into one of the largest quick-service hamburger companies in the world, with more than 5,800 franchise and company-owned restaurants in the United States.

11.     Plaintiff Wendy's is the owner or franchisor of all Wendy's restaurants in the United States.  Wendy's licenses the extensive intellectual property rights associated with its products and services from wholly-owned Plaintiff Oldemark.

12.     Wendy's restaurants, along with many of the products offered on the Wendy's menu, are famous throughout the United States.  At every restaurant, Wendy's uses select, premium ingredients for its food products.  Wendy's has a quality assurance program that verifies food products supplied to its restaurants, including its FROSTY dessert ingredients, comply with the high quality and safety standards set by Wendy's.  As a result of its long-standing commitment to quality, and its substantial investment of millions of dollars, the relevant consuming public and Wendy's competitors have come to associate the high quality products identified by the famous Wendy's trademarks and trade dress with Plaintiffs.

13.     One of the first items on the Wendy's menu was the FROSTY dessert—and it continues to be one of the best known and most popular items among Wendy's customers.  Dave Thomas came up with the idea for the FROSTY dessert.  He loved thick milkshakes growing up and wanted a dessert on the menu that was so thick that you had to eat it with a spoon.

### The Famous FROSTY Trademark

14.     Since 1969, Plaintiff Wendy's has used the mark FROSTY in connection with dairy dessert products.

15.     Wendy's began selling its famous FROSTY dairy dessert when it opened its first restaurant.  The FROSTY dessert was one of the five original products on the Wendy's menu in 1969.  The formulation of the FROSTY dessert, a cross between a milkshake and soft-serve ice cream that contains a proprietary cocoa formula, has not significantly changed since it first appeared on the menu.  A picture of the first Wendy's drive-thru menu is shown below:



16. Plaintiffs' rights in and to the trademark FROSTY (the "Frosty Trademark") in connection with dairy desserts predate any use by Defendant.

17. Over the years, Plaintiffs have expended significant resources to advertise and promote the dessert products identified by the Frosty Trademark.  For example, each year Wendy's runs a Father's Day Frosty™ Weekend promotion.  For every FROSTY product sold, Wendy's donates 50 cents to the Dave Thomas Foundation for Adoption™ to support its mission to find permanent and loving homes for children in foster care.

18. For over forty years, Wendy's has sold and promoted its FROSTY dairy desserts under the Frosty Trademark.  From its original FROSTY chocolate dessert, Wendy's has expanded its famous FROSTY brand to a product line that includes a vanilla FROSTY dessert, FROSTY shakes, and FROSTY cones.  As one of the most popular items on the Wendy's menu, the FROSTY dessert attracts customers to Wendy's restaurants.  Indeed, for decades, "Frosty" has been a household name for the desserts sold by Wendy's.

19. To date, sales of products identified by the Frosty Trademark have exceeded tens of millions of dollars.

20. The Frosty Trademark is famous.

21.     Consumers and the general public recognize Plaintiffs as the source of products sold under the Frosty Trademark.  When consumers see the Frosty Trademark, they associate the mark with Plaintiffs and their dairy dessert.

22.     Plaintiffs are also the owners of and have the exclusive rights to the trade dress used in connection with a variety of products, including dessert products identified by the Frosty Trademark.  Plaintiffs' trade dress rights, which encompass the colors yellow and red with yellow being the background color and red used in the foreground design (the "Wendy's Trade Dress"), is depicted below.



23.     The Wendy's Trade Dress has been used in interstate commerce since at least as early as 1969.  Plaintiffs' rights in and to the Wendy's Trade Dress predates any use by Defendant of such trade dress for dairy desserts.

24.     As a direct result of the time and effort Plaintiffs have spent advertising and promoting goods sold under the Frosty Trademark and with the Wendy's Trade Dress, Plaintiffs' customers, its competitors, and the relevant consuming public have come to associate the high quality desserts offered under the Frosty Trademark and Wendy's Trade Dress with Plaintiffs.  As such, Plaintiffs have built up substantial value and goodwill in the Frosty

Trademark and Wendy's Trade Dress, and the Frosty Trademark and Wendy's Trade Dress are very valuable assets of Plaintiffs.

25.     The Wendy's Trade Dress is famous.

26.     There is widespread consumer recognition of the Wendy's Trade Dress as designating the source of the dairy desserts bearing the Wendy's Trade Dress.  When encountered by the consuming public, the Wendy's Trade Dress is associated with Plaintiffs and their high quality products.

**Defendant's Blatantly Infringing Conduct**

27.     The strength and recognition of the famous Wendy's Trade Dress and Frosty Trademark have led others to try and imitate them to capitalize on the goodwill associated with both marks.  In an effort to exploit and improperly trade upon the famous FROSTY brand, Defendant has deliberately and unlawfully appropriated Plaintiffs' intellectual property rights through its sale of dairy dessert products under the marks "Frosties" and "Frosty Malts" (the "Infringing Frosty Marks"), some of which also use a confusingly similar red and yellow packaging trade dress to that used by Plaintiffs (the "Infringing Trade Dress").  Examples of such infringing uses are depicted below:

 



28.     A side-by-side comparison showing the Wendy's Trade Dress and Infringing Trade Dress is below:



29.     Defendant is using the Infringing Frosty Marks as trademarks.  As shown from Defendant's "Frosties" product depicted above, Defendant displays a trademark symbol (™) following the word "Frosties" on the packaging of its products, thereby demonstrating Defendant's intentional use of the Infringing Frosty Marks as source indicators.

30.     Defendant's use of the Frosty Trademark and Wendy's Trade Dress infringes and dilutes Plaintiffs' trademarks and trade dress.

31.     Defendant's use of the Frosty Trademark and Wendy's Trade Dress is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's products by Plaintiffs.

32.     The foregoing acts complained of in paragraphs 27 – 31 above are without Plaintiffs' permission.

33.     The foregoing acts complained of in paragraphs 27 – 31 above are willful. Defendant's product is a complete knock-off of Plaintiffs' FROSTY dessert, all the way down to the Infringing Trade Dress.

34.     As of the filing date of the above-captioned Complaint, Defendant has not ceased and desisted from its use of the Frosty Trademark or the Wendy's Trade Dress.

35.     Plaintiffs will be irreparably harmed if Defendant is permitted to continue its use of the Frosty Trademark and the Wendy's Trade Dress in connection with the sale of desserts.

## COUNT I

### [Federal Trademark Dilution –15 U.S.C. § 1125(c)]

36.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.     The Frosty Trademark is widely recognized by the general consuming public of the United States as a designation of the source of Plaintiffs' goods.  The Frosty Trademark is therefore a famous mark in accordance with the standard set forth in 15 U.S.C. § 1125(c).

38.     Plaintiffs have used the Frosty Trademark in connection with the sale of desserts for over 40 years.  Sales of FROSTY desserts, as well as the advertising and promotion for the products, have been significant and continuous such that the Frosty Trademark is widely recognized as signifying Plaintiffs as the source of the desserts sold under the mark.

39.     In connection with the distribution, offer for sale, sale, and advertising of its "Frosties" and "Frosty Malts" dessert products, Defendant began using marks in commerce that

are likely to cause dilution by blurring and dilution by tarnishment of the Frosty Trademark after the Frosty Trademark became famous.

40.     By reason of Defendant's acts complained of herein, Defendant has caused and is causing dilution of the distinctiveness of the Frosty Trademark by lessening the capacity of the famous Frosty Trademark to identify and distinguish Plaintiffs' products and by tarnishing the reputation, goodwill and positive associations of the Frosty Trademark in violation of 15 U.S.C. § 1125(c).

41.     Defendant's continuing acts of dilution have caused, and unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

42.     On information and belief, as a result of the willful acts of Defendant, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

43.     On information and belief, Defendant's willful acts and the resulting damage to Defendant's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT II
### [Federal Trade Dress Dilution –15 U.S.C. § 1125(c)]

44.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.     The Wendy's Trade Dress is widely recognized by the general consuming public of the United States as a designation of the source of Plaintiffs' goods.  The Wendy's Trade Dress is therefore a famous mark in accordance with the standard set forth in 15 U.S.C. § 1125(c).

46.     In connection with the distribution, offer for sale, sale, and advertising of its dessert products, and after the Wendy's Trade Dress became famous, Defendant began using a trade dress in commerce that is likely to cause dilution by blurring and dilution by tarnishment of the Wendy's Trade Dress.

47.     By reason of Defendant's acts complained of herein, Defendant has caused and is causing dilution of the distinctiveness of the Wendy's Trade Dress by lessening the capacity of the famous Wendy's Trade Dress to identify and distinguish Plaintiffs' products and by tarnishing the reputation, goodwill and positive associations of the Wendy's Trade Dress in violation of 15 U.S.C. § 1125(c).

48.     Defendant's continuing acts of dilution have caused, and unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

49.     On information and belief, as a result of the willful acts of Defendant, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

50.     On information and belief, Defendant's willful acts and the resulting damage to Defendant's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT III

### [Trademark Infringement –15 U.S.C. § 1125(a)]

51.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.     Plaintiffs have invested significant effort and funds in marketing and promoting their dairy desserts sold under the Frosty Trademark.  As a result of the substantial marketing and promotion for and the significant sales of the FROSTY desserts, consumers associate the famous Frosty Trademark with a single producer or source.  Thus, the Frosty Trademark has acquired secondary meaning in the marketplace.

53.     Defendant's Infringing Frosty Marks are confusingly similar to Plaintiffs' Frosty Trademark.  Defendant's promotion, distribution, offering for sale, and sale of its dairy desserts in connection with the Infringing Frosty Marks is therefore likely to cause confusion, to cause mistake, and/or to deceive as to affiliation, connection, or association between Plaintiffs and Defendant, and is likely to cause members of the public to believe, incorrectly, that Defendant's

dairy desserts are provided by, or under the sponsorship or approval of, Plaintiffs; whereas, in fact, Plaintiffs do not approve of Defendant's appropriation of their trademarks for Defendant's dairy desserts.

54.     By copying the Frosty Trademark, Defendant is misrepresenting and falsely describing to the general public the origin and source of its products sold under the Infringing Frosty Marks, and creating a likelihood of confusion by purchasers as to the source and sponsorship of such products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant's continuing infringement has caused, and unless enjoined by this Court, is likely to continue to cause Plaintiffs to suffer irreparable harm.

56.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

57.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Plaintiffs' rights, and the resulting damage to Plaintiffs is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT IV

### [Trade Dress Infringement –15 U.S.C. § 1125(a)]

58.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.     The Wendy's Trade Dress is nonfunctional.

60.     The Wendy's Trade Dress is inherently distinctive.

61.     Plaintiffs have invested significant effort and funds in marketing and promoting their dairy desserts sold under the Wendy's Trade Dress.  As a result of the substantial marketing and promotion for and the significant sales of the FROSTY desserts, consumers associate the famous Wendy's Trade Dress with a single producer or source.  Thus, the Wendy's Trade Dress has also acquired secondary meaning in the marketplace.

62.     The Infringing Trade Dress is confusingly similar to the Wendy's Trade Dress. Defendant's promotion, distribution, offering for sale, and sale of its dairy desserts in connection with the Infringing Trade Dress is therefore likely to cause confusion, to cause mistake, and/or to deceive as to affiliation, connection, or association between Plaintiffs and Defendant, and is likely to cause members of the public to believe, incorrectly, that Defendant's dairy desserts are provided by, or under the sponsorship or approval of, Plaintiffs; whereas, in fact, Plaintiffs do not approve of Defendant's appropriation of their trade dress for Defendant's dairy desserts.

63.     By copying the Wendy's Trade Dress, Defendant is misrepresenting and falsely describing to the general public the origin and source of its products sold under the Infringing Trade Dress, and creating a likelihood of confusion by purchasers as to the source and sponsorship of such products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendant's continuing infringement has caused, and unless enjoined by this Court, is likely to continue to cause Plaintiffs to suffer irreparable harm.

65.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

66.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Plaintiffs' rights, and the resulting damage to Plaintiffs is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT V

### [False Designation of Origin – 15 U.S.C. § 1125(a)]

67.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68.     By misappropriating, using, and copying the Frosty Trademark and the Wendy's Trade Dress, Defendant is misrepresenting and falsely describing to the general public and

others the origin, sponsorship, or approval of its dairy dessert products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendant's continuing conduct has caused, and unless enjoined by this Court, is likely to continue to cause Plaintiffs to suffer irreparable harm.

70.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

71.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Plaintiffs' rights, and the resulting damage to Plaintiffs is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT VI

### [Unfair Competition – 15 U.S.C. § 1125(a)]

72.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73.     Defendant's conduct complained of herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     Defendant's improper acts alleged herein have caused, and unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

75.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

76.     Upon information and belief, Defendant's acts were in conscious and willful disregard for Plaintiffs' rights, and the resulting damage to Plaintiffs is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT VII

### [Deceptive Trade Practices – Ohio Rev. Code § 4165.02]

77.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78.     As described herein, through the course of its business in marketing and selling desserts under the Infringing Frosty Marks and Infringing Trade Dress, Defendant is causing a likelihood of confusion, mistake, or deception as to the source of its products and falsely suggesting such desserts are sponsored or approved by Plaintiffs.  Defendant has therefore engaged in unfair competition and deceptive trade practices in violation of Ohio Revised Code § 4165.02.

79.     Defendant will continue its acts of deceptive trade practices, causing irreparable injury to Plaintiffs, unless such activities are enjoined by this Court.

80.     As a direct and proximate result of Defendant's unlawful activities, Plaintiffs have suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT VIII

### [Trademark Infringement and Unfair Competition – Ohio Common Law]

81.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 80 of this Complaint as though fully set forth herein.

82.     Because of Plaintiffs' significant use and promotion of the Frosty Trademark and Wendy's Trade Dress, consumers associate and recognize the Frosty Trademark and Wendy's Trade Dress as representing a single source or sponsor of dairy desserts bearing the same, and therefore, the Frosty Trademark and Wendy's Trade Dress are protectable at common law.

83.     Plaintiffs own and enjoy common law trademark rights in the Frosty Trademark and Wendy's Trade Dress, which rights are superior to any rights that Defendant may claim with respect to the Infringing Frosty Marks or Infringing Trade Dress.  Plaintiffs' Frosty Trademark and Wendy's Trade Dress are distinctive and possess secondary meaning with the

trade and consuming public and are distinctive in the minds of purchasers in that the Frosty

Trademark and Wendy's Trade Dress are associated with Plaintiffs.

84.     Defendant's use of the Infringing Frosty Mark and the Infringing Trade Dress in

connection with the advertising, offer for sale, sale, and distribution of dairy desserts is likely to

cause confusion and, upon information and belief, has caused confusion as to the source,

sponsorship, or approval of the such goods in that purchasers thereof and others who see such

dairy desserts will be likely to mistakenly associate such products as originating with Plaintiffs,

or as being sold with the approval of or endorsement by Plaintiffs, all to the detriment of

Plaintiffs.  Such actions constitute trademark infringement and unfair competition at common

law.

85.     By reason of Defendant's actions alleged herein, Plaintiffs have suffered, and

will continue to suffer, irreparable injury to their rights and suffer substantial loss of goodwill

and value in their Frosty Trademark and Wendy's Trade Dress unless and until Defendant is

enjoined from continuing its wrongful acts.

86.     As a result of Defendant's acts of trademark infringement and unfair

competition, Plaintiffs have suffered and will continue to suffer monetary damages in an

amount that is not presently ascertainable but will be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment:

1.     That Defendant, its officers, directors, employees, attorneys, and all persons

and/or entities acting for, with, by, through, or in concert with it, be enjoined preliminarily and

permanently from:

(a)     using the Infringing Marks, Infringing Trade Dress, or any other logo,

device, word mark, or trade dress that is a colorable imitation of, or is confusingly similar to, the

Frosty Trademark or Wendy's Trade Dress, in connection with the advertising, distribution,

marketing, offering for sale, or sale of any food or beverage product without express

authorization by Plaintiffs;

(b)      representing in any manner or by any method whatsoever, that goods, services or other products provided by Defendant are sponsored, approved, authorized by or originate from Plaintiffs or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

(c)      infringing, diluting, and/or tarnishing the distinctive quality of the Frosty Trademark or Wendy's Trade Dress; and

(d)      unfairly competing with Plaintiffs in any manner.

2.      That Defendant be required to deliver up to Plaintiffs for destruction all products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials and the like bearing or distributed under any of the Infringing Marks, Infringing Trade Dress, or any confusingly similar variations thereof, including "Frosties" and "Frosty Malts."

3.      That Defendant, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs' attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the above-mentioned paragraphs 1 through 2.

4.      That Defendant be required to engage in corrective advertising with all distributors, vendors, sales representatives, and account managers that received products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials comprised of or bearing the Infringing Trademark and/or Infringing Trade Dress, to mitigate the damage done to Plaintiffs' reputation, damage done to the distinctive quality of the Frosty Trademark and Wendy's Trade Dress, and the harm to the goodwill associated with the Frosty Trademark and Wendy's Trade Dress from Defendant's unlawful conduct.

5.      That Defendant be required to account for and pay over to Plaintiffs the profits received and the cumulative damages sustained by Plaintiffs by reason of Defendant's unlawful acts of trademark infringement, trade dress infringement, false designation of origin, dilution,

unfair competition, and deceptive trade practices herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Plaintiffs.

6.      That the Court order restitution and/or disgorgement of Defendant's profits to Plaintiffs.

7.      That Plaintiffs be awarded their reasonable costs and attorneys' fees.

8.      That Plaintiffs be awarded punitive damages.

9.      That Plaintiffs have such other and further relief as the Court may deem equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable in this action.

Dated:  June 21, 2013                                  Respectfully submitted,


                                                       s/ Meredith M. Wilkes
                                                       Meredith M. Wilkes  (OH 0073092)
                                                       JONES DAY
                                                       North Point
                                                       901 Lakeside Avenue
                                                       Cleveland, Ohio  44114-1190
                                                       E-mail:  mwilkes@JonesDay.com
                                                       Telephone:  216.586.3939
                                                       Facsimile:  216.579.0212

                                                       Of counsel:

                                                       Deborah S. Sloan  (TX 00786230)
                                                       JONES DAY
                                                       2727 North Harwood Street
                                                       Dallas, Texas  75201-1515
                                                       E-mail:  dsloan@JonesDay.com
                                                       Telephone:  214.220.3939
                                                       Facsimile:  214.969.5100

                                                       Anna E. Raimer  (TX 24072868)
                                                       JONES DAY
                                                       717 Texas Avenue, Suite 3300
                                                       Houston, Texas 77002
                                                       E-mail:  aeraimer@JonesDay.com
                                                       Telephone:  832.239.3786
                                                       Facsimile:  832.239.3600

                                                       **ATTORNEYS FOR PLAINTIFFS
                                                       WENDY'S INTERNATIONAL, INC. AND
                                                       OLDEMARK LLC**